Badger State Investment Company, Respondent, vs. Miller, Appellant.

*February 6—March 4, 1919.*

*Party walls: Agreement construed: Use in construction of adjoining building.*

1. In an action involving an agreement under which a party wall had been built by defendant's predecessor in title and, if it was thereafter used in the construction of a building by plaintiff, the latter is liable for one half of the cost, the evidence is *held* to show that such wall does not support plaintiff's building or any part of it; that by reason of its structural character it was incapable of being useful in the construction of plaintiff's building and was in fact a hindrance and obstruction; and hence that there was no such use thereof as the agreement contemplated.

2. The fact that, for the mutual protection of the party wall and the adjoining wall of plaintiff's building, plaintiff inserted metal flashings near the top of the party wall to cause water falling thereon to be shed upon the roof of plaintiff's building, did not constitute a use of the party wall within the meaning of the agreement.

Appeal from a judgment of the circuit court for Milwaukee county: Oscar M. Fritz, Circuit Judge. *Affirmed.*

Party wall. Action on contract. An agreement for a party wall was entered into between a predecessor in title of the plaintiff, who was the owner of lot 5, block 70, in the city of Milwaukee upon which the Merrill theater is situated, and a predecessor in title of the defendant, who owned lot 8. The owners of lot 8 erected a party wall, one

half upon lot 5 and one half upon lot 8, about the year 1899,
lot 5 being at that time unoccupied. In the year 1915 the
plaintiff procured plans and specifications for the erection of
the so-called Merrill theater upon lot 5 and proceeded to
erect a theater building in accordance therewith. In the
course of constructing its theater building plaintiff counter-
sunk into the party wall nine vertical chases which extend
from the bottom to near the top of said party wall and which
are twenty feet apart at their centers. The chases were cut
to make room for iron columns which were necessary for
plaintiff's new building and are twenty-eight inches in width
and twelve inches in depth at the basement, and as they
ascend they diminish in depth as the party wall diminishes
in thickness. In the course of its operations the plaintiff
removed from the party wall at the foot and at the base of
all said chases portions of the material of the party wall, cut
off the top portions of the piles, and into the recesses so
made plaintiff inserted nine vertical steel columns for the
purpose of supporting, by means of horizontal beams rest-
ing upon them, the weight of plaintiff's building. The said
steel columns are from three to four inches north of the
south line of lot 5 and are wholly independent of the party
wall and of its foundations and the piling thereof. The
steel columns at the first-floor line rest upon and are sup-
ported solely by concrete columns, which in turn rest upon
and are supported solely by nine cantilever foundations ex-
tending into lot 8 at right angles to the party wall, said
foundations being constructed of reinforced concrete six
feet three inches thick and twelve feet wide, which rest upon
and are supported solely by piling driven entirely within the
limits of lot 5, and at no point closer than three feet to the
south line thereof. The cantilever foundations are in all
respects adequate and sufficient to safely support the weight
of the ten-story building which the plaintiff has agreed to
erect on said lot 5. A little above the top of the south wall
of plaintiff's building, lot 5 being north of lot 8, and near

the top of the party wall, the plaintiff, for the mutual benefit and protection of the party wall and plaintiff's south wall, inserted metal flashings in the party wall to cause water falling thereon to be shed onto the roof of plaintiff's building and thereby prevent it from entering between the party wall and the south wall of plaintiff's building. Plaintiff's building, including its foundation and the south wall thereof, is entirely independent of the party wall. Such are the findings of the trial court. It further appears that the party wall is not so constructed as to carry heavy strains at widely separated points and is not adapted for use in the style of building constructed by the plaintiff.

A dispute arose between the parties as to the liability of the plaintiff under the party-wall agreement. An appraisement was had, the cost of constructing the same on the basis set forth in the party-wall agreement was ascertained, the amount thereof deposited in the hands of a third person, and this suit is brought to determine the right of the plaintiff to the deposit made by it. Plaintiff had judgment in the court below, from which the defendant appeals. Other facts are stated in the opinion.

For the appellant there was a brief by *Lenicheck, Boesel & Wickhem* of Milwaukee, and oral argument by *F. J. Lenicheck* and *F. T. Boesel.*

For the respondent there was a brief by *Austin, Fehr & Gehrz* of Milwaukee, and oral argument by *Gustave G. Gehrz.*

ROSENBERRY, J. The party-wall agreement recites the ownership of the respective premises, describes in general terms the character of the party wall to be constructed, and contains the following covenants:

"Said first party further covenants to construct said party wall of good merchantable material and of sufficient firmness and stability to properly support the walls and timbers of the building of said second party when she [plaintiff's predecessor in title] shall erect the same.

"Said party of the first part [defendant's predecessor in title] also covenants and contracts that when second party shall build upon that portion of her said lot which is contiguous to said first party's lot and shall need said party wall, said party wall may be used by her for so much of the depth and height thereof as she may require for the building which she shall construct at any future time.

"Said second party hereby covenants and contracts that in case of the use of said party wall by her as herein provided shall pay for the same to the said first party, which shall be such sum as at the time when she shall build will be required to construct one half of said wall for the distance in depth and height which was used by her in such construction."

There were other clauses in the contract providing for appraisement and making it an obligation upon the part of the successors in title of the respective parties thereto. The sole question to be determined is, Did the plaintiff make such use of the party wall as made it liable for the cost of one half thereof under the terms of the party-wall agreement?

It is admitted that the party wall was erected in accordance with the contract and that if the plaintiff has used it within the meaning of the contract it cannot recover the deposit in question. It further appears that the plaintiff in constructing the Merrill theater was permitted to use six-inch fire brick for the south wall, which is a wall of less thickness than it would be permitted to use under the fire ordinances of the city of Milwaukee if the party wall were not there. But it also appears that it used fire brick of the same thickness on the north side of the building, there being an adjacent building, although it had no interest in the wall on the adjoining premises. No joists or timbers were inserted in the party wall by the plaintiff.

We have been referred to and have examined a large number of cases relating to the use of party walls. While these are helpful they are not controlling, because each case depends upon its own peculiar facts or upon the language of

the contract or statute which governs. The contract here provides that when plaintiff builds upon that portion of lot 8 which is contiguous to defendant's lot, "and shall need said party wall, said party wall may be used by her [plaintiff] for so much of the depth and height thereof as she [plaintiff] may require for the building which she [plaintiff] shall construct at any future time," and she (plaintiff) is to pay for that part of the wall used by her in the construction of her building. The use which is to make the second party (plaintiff) liable for one half the cost of the wall is thus defined by the contract itself.

It is clear that the party wall, instead of being useful to the plaintiff in the construction of its building, was a hindrance and obstruction. By reason of its structural character the party wall was incapable of being useful to the plaintiff in the construction of its building. It did not use it. The party wall does not support plaintiff's building or any part of it, walls or foundation. It does not appear that the plan adopted by the plaintiff for the construction of its building was a mere device to escape liability under the party-wall agreement. On the contrary, it appears that in order to construct its building it was required at an extra expense to remove parts of the party wall before it could proceed with its building. While there may be contact points between the buildings of the plaintiff and the defendant, and while the flashing described in the findings of the court rests partly upon the building of the plaintiff and the party wall, this was not such a use of the party wall as was contemplated by the parties to the contract, and therefore the plaintiff is not liable by reason of such use. The plaintiff has not used the party wall for the building which it has constructed, within the meaning of the contract. The judgment of the circuit court is therefore right.

*By the Court.*—Judgment affirmed.